## JOHNSON *vs.* JOHNSON.

1. Money paid by the debtor, or his agent, to the creditor, in discharge of a particular debt, cannot, without the consent of the debtor, be applied to any other.
2. Notwithstanding legal testimony is excluded by the Court, yet if considering it as we do, it would not change the result—it is no ground for granting a new trial.

New Trial, from Decatur county. Tried before Judge ALLEN, October Term, 1859.

The plaintiff in error brought suit, by attachment, to recover of the defendant $300 00, alleged to have been paid by him as security for defendant, on a certain promissory note.

On the trial, the plaintiff submitted proof as to his being security only on said note, and the taking up of the note by him as such security, and rested his case. The note was made payable to one Fillyaw, and was in the hands of one A. K. Allison for collection, at the time plaintiff took it up.

Defendant proved by said Allison, that plaintiff had taken up the note by substituting his own; and that afterwards plaintiff had paid him, Allison, one hundred dollars on the note substituted, saying he had got that sum out of defendant's effects.

William Davis testified, that after plaintiff had got out the attachment on the account growing out of the payment of said note, he procured a garnishment, intending to serve it on one Mrs. Black: plaintiff stated to witness that on seeing Mrs. Black, she preferred to give up the money she held, belonging to defendant, and accordingly paid it over to plaintiff, amounting (to the best of witness' recollection) to between four and five hundred dollars. He further testified, that said garnishment was founded on the payment made by plaintiff of the Fillyaw note; plaintiff did not speak of having any other claim against defendant, but said he had used part of the money in paying claims against defendant, in favor of Kennan & Bond, and had let defendant's son have $30 00.

Archibald Black testified, that plaintiff, in January or

February, 1856, threatened to garnishee him and Mrs. Black on the claim he held against defendant as security on the Fillyaw note. Witness and his wife paid over to plaintiff $358 50. Plaintiff, at that time, had in his hands, as agent, claims in favor of one Bond, against defendant, to the amount of $51 00, and claims in favor of one Kennan to the amount of $28 00. Plaintiff held claims against defendant to the amount of $208 50. The $358 50 was applied to the payment of these several claims. The sheriff, H. G. Ray, was with plaintiff at the time referred to, and the object of their visit was to levy an attachment in favor of plaintiff against defendant.

It further appeared in evidence, that plaintiff had received $19 00, due defendant for negro hire. The said Fillyaw note had on it the following credits: " Received on the within, $19 38." " Received on the within note, $88 50. Feb. 7th, 1856."

Plaintiff offered in evidence, the record of an attachment issued by the Clerk of the Circuit Court of Gadsden county, Florida, for the sum of $438 12, besides interests and costs, in favor of plaintiff against defendant, with a receipt thereon of H. J. Ray, deputy sheriff, of $208 50, stated to have been paid by Mrs. Black, dated February 6, 1856; and a receipt of plaintiff stating that said deputy sheriff had paid said amount over to him, which evidence was rejected by the Court.

There having been a verdict for defendant, counsel for plaintiff moved for a new trial on two grounds:

1st. Because the verdict was against evidence.

2d. Because the Court erred in rejecting the exemplification from Gadsden Circuit Court.

The Court overruled the motion, and counsel for plaintiff excepted.


WHITTLE and HINES representing LOVE, CAMPBELL and CRAWFORD, for plaintiff in error.


LAW and SIMS, *contra.*

Johnson *vs.* Johnson.

*By the Court.*—LUMKIN, J., delivering the opinion.

This is an attachment sued out by Timothy M. Johnson against Thomas E. Johnson, to recover three hundred dollars which the plaintiff, in attachment, alleges he has paid out for defendant as his security.   Evidence was submitted on both sides, and the jury on the appeal found for the defendant. A new trial is asked for on two grounds : 1st. Because the verdict is contrary to the evidence, and secondly, because the Court erred in rejecting certain exemplifications of record from Gadsden county, State of Florida.

As to the latter ground, we will consider the case as though that evidence was before the jury.   We are satisfied, from a careful examination of the testimony, that the jury was right in finding that the plaintiff had received more than enough money, belonging to the defendant, to reimburse him in the amount paid to Cullen Fillyaw as security for Thomas E. Johnson.   The testimony of Archibald Black and the other witnesses, abundantly establish, that he received from Mrs. Black, for the avowed purpose of paying the Fillyaw debt, greatly more than was needed for the purpose.

Indeed, an accurate account of the whole range of dealings between these parties, will show that instead of Thomas E. Johnson's being indebted to Timothy, the balance is on the other side.

And what do the Florida records show ?   That two attachments were sued out in that State by Timothy Johnson, one against Thomas Johnson, the other against Abel Johnson ; and that to these two attachments was applied the $358 50 received from Mrs. Black and the money of Thomas E. Johnson, $208 50 on the attachment against Timothy Johnson, and $150 00 on the attachment against Abel Johnson. We ask—for the proof does not disclose—what right had Timothy Johnson to appropriate $150 00 of Thomas Johnson's money to the debt of Abel Johnson ?   And money, too, which he received from Mrs. Black with the avowed object of reimbursing himself for the security debt paid for Timothy Johnson to Fillyaw.

And as to Thomas Johnson, there are two attachments pending against him at the instance of Timothy Johnson, one in this State, the other in Florida.   He applies $208 50

of the Black money to the attachment in Florida, and claims three hundred dollars on the attachment here, whether the debts are the same, does not distinctly appear. But this much does appear from the proof, namely, that the Fillyaw claim, which is the foundation of this attachment, must be satisfied, because more money than enough to pay it in the hands of Mrs. Black, belonging to Thomas E. Johnson, was specifically demanded of her for that purpose, and was paid over by her accordingly, which cannot be diverted to any other demand, if indeed there be any other.