## PRITCHARD *vs.* COMER & COMPANY.

A farmer, desiring an advance, applied to a firm, who agreed to let him have it if he would secure the note therefor by a mortgage on his mules and farming implements, and would also get his son to indorse the note and secure the indorsement by a mortgage. It was further agreed that the debtor should send to the factors his crop when made. The note was indorsed and given, the mortgages delivered, and the advance made. During the year, the factors made other unsecured advances to the debtor. He delivered his crop to them, which they sold; by agreement, he also delivered to them the mortgaged mules, which were likewise sold; the money thus raised was applied by the factors to the payment of the unsecured claims, and they proceeded to collect the entire secured advance:

*Held,* that the intention of the parties was that the proceeds of the mortgaged mules should be applied to the note, and this was equivalent to a direction as to the application of the fund.

(*a.*) Whether the proceeds of the crop should be applied to the payment of the indorsed note depends upon the intention of the parties at the time the contract was made; and that was a question for the jury.

January 8, 1884.

Appropriation of Payments. Contracts. Mortgages. Debtor and Creditor. Before Judge ADAMS. Chatham Superior Court. June Term, 1883.

Reported in the decision.

HENRY R. JACKSON; J. L. WHATLEY; R. R. RICHARDS, for plaintiff in error.

DENMARK & ADAMS, for defendants.

BLANDFORD, Justice.

This is a proceeding to foreclose a mortgage on the part of defendants in error against the plaintiff in error. The defence relied on was payment and a discharge from the note which the mortgage was given to secure. After the evidence had been submitted by the parties, the court instructed the jury to find for the plaintiffs. These instructions by the court are excepted to, and error is assigned thereon. There are other rulings excepted to, but in the view we take of this case, it will be necessary to notice this assignment alone.

The testimony shows that William R. Pritchard wished to procure from Comer & Co. an advance of fifteen hundred dollars to enable him to make a crop. Comer & Co. agreed to make the advance, provided W. R. Pritchard would secure the note for the advance by a mortgage on his mules and farming implements, and get his son, E. D. Pritchard, to indorse the note and secure his indorsement by a mortgage on his, E. D. Pritchard's, property; and it was further agreed that W. R. Pritchard should send Comer & Co. the crop when made. The note was given and indorsed by E. D. Pritchard, and the mortgages executed as stipulated for, and the advance of fifteen hundred dollars made by Comer & Co. to W. R. Pritchard. During the year, Comer & Co. made further advances to W. R. Pritchard, which were not secured. W. R. Pritchard

shipped the crop to Comer & Co., which was sold for six hundred and ten dollars. By agreement, the mules mortgaged by W. R. Pritchard were sold for two hundred and forty-nine dollars, and the money turned over to Comer & Co. Comer & Co. applied the money thus raised by them to the unsecured advances made by them to W. R. Pritchard, and thus left the fifteen hundred dollar note upon which E. D. Pritchard, the plaintiff in error, is indorser, wholly unpaid.

We are quite agreed that, as to the money received by Comer & Co. from the sale of the mules mortgaged by W. R. Pritchard to secure the fifteen hundred dollar note, upon which E. D. Pritchard is indorser, the same should be applied upon that note. There can be no doubt but, from the very nature of the transaction itself, that such was the intention of the parties when the contract was made, and this is equivalent to a direction of the application of the money by the Pritchards. To hold otherwise, would operate as a fraud upon E. D. Pritchard, the indorser, as he made this indorsement with full knowledge that his principal, W. R. Pritchard, had made the mortgage to secure the payment of the fifteen hundred dollar note upon which he gave his indorsement.

Whether the proceeds of the crop sold by Comer & Co., belonging to W. R. Pritchard, should be applied as a payment on the fifteen hundred dollar note, is a question to be submitted to the jury, and if they should find that such was the intention of the parties at the time the contract was made, whether any other direction was given or not, then the application should be made of the fund to this debt, and not to the unsecured advances made by Comer & Co.

There were sufficient facts submitted by the plaintiff in error to have authorized the jury to have passed upon this question. It follows, therefore, that the instructions given to the jury by the court were wrong; and the judgment is reversed for these reasons.

Judgment reversed.