## PHILLIPS vs. McGUIRE.

Under an issue. formed on a distress warrant, the landlord testified that he rented land to the tenant and was to receive two bales of cotton for the rent; that he also became security for the tenant and another for provisions, and had paid off that debt; that the tenant had delivered tò him one bale of cotton, giving no instruction, as to its appropriation; and that he sold it and applied the

proceeds to the payment of the debt which he had paid off as secu-
rity. · It did not appear that the tenant knew that the landlord had
taken up the security debt when the cotton was delivered :
*Held,* that the intention of the parties as to the application of the cot-
ton should have been left to the jury, and such intention would
control.

November 11, 1884.

Debtor and Creditor.    Payment.    Appropriation of
Payments.    Before Judge Harris.    Douglas Superior
Court.    January Term, 1884.

Reported in the decision.

    J. S. James ; R. A. Massey, for plaintiff in error.

John V. Edge, for defendant.

Blandford, Justice.

    · Defendant in error sued out a distress warrant against
plaintiff in error for the sum of one hundred dollars.  The
defendant in the distress warrant filed a counter-affidavit,
denying that any part of the rent was due.  The case was
appealed to the superior court, and on the trial of the ap-
peal, McGuire, the plaintiff, testified that he had rented
land to Phillips, and that Phillips was to pay him two bales
of cotton, weighing four hundred and fifty pounds each, for
the rent; that he had become security for Phillips and one
Morris, in Atlanta, for provisions, and had paid off the
debt; that Phillips had delivered to him one bale of cot-
ton, and he sold it and applied the proceeds to the payment
of the debt which he had paid off and taken up as security
for Phillips and Morris.  Phillips gave no instructions as
to the appropriation of the cotton.  He did not testify that
Phillips knew that he had paid off and taken up the debt
of Phillips and Morris, upon which he was surety, when
the cotton was delivered to him by Phillips.

    The court charged the jury that, if plaintiff held two
debts against defendant, and if defendant paid him a bale

of cotton, and did not direct to which the payment should be applied, and that plaintiff purchased provisions for defendant in Atlanta, and became security for defendant, and had paid off said provision debt, he would be authorized to apply said payment to either debt, according to his election, but he could not take the cotton so paid and apply it to the payment of another person's debt, but could apply it to any debt against defendant. This charge of the court, in view of the evidence in the record, was erroneous. The plaintiff in error had agreed to pay two bales of cotton to defendant in error for rent; he delivered him one bale of cotton, not knowing that the defendant in error held any other claim against him. Is it not a fair inference from this transaction that the cotton was delivered by plaintiff in error in payment of the rent, and if such was the contract and understanding between the parties, and if McGuire knew that the cotton delivered to him by Phillips was expected by Phillips to be a part payment of the rent, then whether Phillips expressly directed its application to the payment for rent or not, it should have been so applied by McGuire, and this is the application which the law will give it. It should have been left fairly to the jury to have found, under the facts, what was the intention of the parties as to the appropriation of the cotton, and if they found that it was their intention that the cotton should go in payment for the rent, then the law will so apply it, and it is equivalent to a direction as to its application. This is a question for the jury, under the facts of the case, and it should be left with them to determine what was the intention of the parties as to the application of the cotton. *Pritchard vs. Comer & Co.*, 71 *Ga.*, 18.

Judgment reversed.