## HOLLEY *vs.* HARDEMAN & GIBSON.

Where a debtor owed to a firm a note secured by a mortgage, and sent to them certain cotton to sell and to apply the proceeds upon the indebtedness which he owed them, it was evidently intended that such payment should be applied to the mortgage debt, and the law would so apply it, although the creditors had previously purchased two other notes made by the same debtor, of which purchase he was ignorant; and if the creditors foreclosed their mortgage for the full amount of the notes secured by it, the debtor could pay the balance in excess of the proceeds of the cotton and defend against the mortgage by alleging that it had been paid.

April 27, 1886.

Debtor and Creditor. Payment. Before Judge HARRIS. City Court of Macon. December Term. 1885.

Reported in the decision.

LOFTON & MOORE, by brief, for plaintiff in error.

No appearance for defendants.

BLANDFORD, Justice.

Hardeman & Gibson held a note and a mortgage to secure the payment thereof on Holley. They subsequently purchased two promissory notes on Holley, who had no

knowledge thereof. Holley sent certain cotton to them to sell and pay upon the indebtedness which he owed them. Hardeman & Gibson, without in fact placing the amount of the sales of the cotton on the two notes which they had purchased on Holley, foreclosed their mortgage for the sum due on the note which they originally held on Holley, and held the notes which they claimed on Holley, which they had purchased, and claimed that the money which the cotton brought went to extinguish the two notes which they had bought on Holley. Holley paid Hardeman & Gibson the amount due on the mortgage over and above what they had received for the cotton and filed his affidavit of illegality, alleging the mortgage had been paid off. The court overruled the illegality, and this is the error complained of.

If, from the very nature of the transaction itself, it appears that it was the intention of the parties to appropriate the money which Hardeman & Gibson received from the sale of Holley's cotton, then the law will so appropriate it. This is equivalent to a direction by Holley to so apply the money. 71 *Ga.*, 20. It is shown that Holley owed a debt to Hardeman & Gibson, secured by mortgage; that Hardeman & Gibson thereafter bought two notes on Holley, and that he had no knowledge of this. When he sent cotton to H. & G. to pay his indebtedness to them, it is most manifest that he intended to pay the mortgage debt. This being so, the payment should have been so applied. *Phillips vs. McGuire*, 73 *Ga.*, 517.

Judgment reversed.