MERCER *vs.* N. & A. F. TIFT.

A mortgage on realty, personalty and the crop of the year, being executed to secure advances up to a limited amount, the parties afterwards (foreseeing that the advances needed would be in excess of that amount) agreed that the part of the crop first turned over should be applied on the excess:

*Held*, that entries on the general account to the credit of the mortgagor, of the proceeds of the crop, went first to the reduction of such excess, and there being more than the amount of the mortgage still due on the account, after deducting all credits, the mortgage stood as a lien on the realty embraced therein for the full amount specified as the limit of the security. Where parties have applied payments by their joint consent, there is no question of application by the law.

April 27, 1887.

Mortgages. Debtor and Creditor. Liens. Application of Payments. Before Judge BOWER. Dougherty Superior Court. October Term, 1886.

Reported in the decision.

D. H. POPE, by HARRISON & PEEPLES, for plaintiff in error.

W. T. JONES, for defendants,

BLECKLEY, Chief Justice.

In April, 1871, a mortgage was executed upon certain realty, certain personalty, and the crop of the mortgagor to be grown that year. It was made to secure a draft for $30, to become due on the first of November thereafter, and also any advances, up to the sum of $105, that might be made by the mortgagee to the mortgagor. These advances were to be due on the first of October following. An account was opened, in which this draft and some subsequent drafts were entered to the debit of the mortgagor, and also cash and merchandise advanced to him, the whole sum amounting to more than $200. In October and November, two bales of cotton were delivered by the mortgagor and credited on this general account. Before this delivery took place, it had been foreseen that the advances needed would go beyond the amount limited in the mortgage, and the parties stipulated that the first of the crop that might be received, should be applied to the excess; but it was in fact applied in this general way to the account. The balance left unpaid exceeded the limit specified in the mortgage, and the mortgage was afterwards foreclosed upon the realty for the full amount of the limit, to-wit, $105. The mortgage *fi. fa.* which issued from this foreclosure was levied upon the mortgaged real estate, and a claim was interposed by a third person, who had purchased the premises after the mortgage lien attached. On

the trial of the claim, the claimant went into the investigation of this account, and contended that the credits resulting from the cotton should be applied to the mortgage debt, instead of upon the excess of the account over and above the amount of the mortgage. The jury found the property subject. A motion for a new trial was made because the verdict was contrary to law and evidence, and on another ground not urged. The motion was denied; and in the argument here, the sole question was as to the application of the payment. A mortgage on realty, personalty and the crop of the year, being executed to secure advances up to a limited amount, the parties afterwards (foreseeing that the advances needed would be in excess of that amount) agreed that the part of the crop first turned over should be applied on the excess. Entries on the general account to the credit of the mortgagor, of the proceeds of the crop, went first to the reduction of such excess, and there being more than the amount of the mortgage still due on the account, after deducting all credits, the mortgage stood as a lien on the realty embraced therein for the full amount specified as the limit of the security. Where parties have applied payments by their joint consent, there is no question of application by the law. Code, §2869.

Judgment affirmed.