GREEN vs. FORD.

1. When a payment is made by a debtor to a creditor holding several demands against him, the debtor has the right to direct to which claim it shall be appropriated. If he fails to do so, the creditor has the right to appropriate it as his election. If neither exercises this privilege, the law will direct the application in such manner as is reasonable and equitable, both as to parties and third persons. As a general rule, the oldest lien and the oldest item in an account will be first paid, the presumption of law being that such would be the fair intention of the parties.

2. Where a creditor held a mortgage on certain land and on the turpentine to be gathered from trees boxed thereon, and one of the mortgaged lots was sold with the understanding and agreement that the proceeds of the sale should be applied to the mortgage debt, it was proper that the amount of such proceeds received by the creditor should be so applied. But where the parties went on dealing together and had various transactions, and money was sometimes advanced and supplies furnished to make and harvest the turpentine, an implication might arise from that, that it was the intention of the parties to apply the turpentine delivered in payment of those items at the time when the advances were made and the supplies furnished; and where the debtor did not direct how the payments should be appropriated at the time they were made and there was evidence tending to show that he had knowledge of the manner in which they were appropriated and made no objection thereto, there was no error in finding that an appropriation of the turpentine, first, to the payment of the unsecured account, and the balance thereof as a credit on the mortgage, was a proper appropriation, and in finding the balance due on the mortgage against the debtor.

(a) This case compared with those of Pritchard vs. Comer & Co., 71 Ga. 18; Hatcher & Baldwin vs. Comer & Co., 73 Id. 418, 422; and Johnson vs. Johnson, 30 Id. 857.

3. The general charge covered all the issues in the case fairly and fully, and there was sufficient evidence to sustain the finding.

April 28, 1887.

Debtor and Creditor. Application of Payments. Mortgages. Before Judge Bower. Worth Superior Court. October Term, 1886.

Reported in the decision.

WALTERS & ARNHEIM; W. W. CORBETT, for plaintiff in error.

JOHN MURROW; D. H. POPE, by HARRISON & PEEPLES, for defendant.

HALL, Justice.

Green executed to Ford and another a mortgage on two lots of land, and also upon certain turpentine, to be gathered from the trees boxed on the lands named in the mortgage, to secure the payment of a debt of $1,500 due to them. This mortgage was assigned by the original mortgagees to parties with whom they had dealings in Savannah or Brunswick. It was subsequently reassigned to Ford, the defendant in error; and upon its being reassigned to him, he foreclosed it, not only upon one of the lots of land, but upon the turpentine crops. The plaintiff defended these foreclosures upon the ground that the mortgage had been fully paid off. It seems that by consent of Ford, who by reason of the assignments became the sole mortgagee, one of the lots of land mortgaged was sold, with the understanding and agreement that the proceeds of the sale should be applied to the payment of the mortgage debt. Ford kept an account with this mortgagor, and charged him up with the amount of this mortgage, and also charged him with various amounts of money and goods advanced subsequent to this transaction. The account as to the mortgage indebtedness was kept together with that for subsequent advances and supplies. Taking the value of the turpentine delivered with the amount arising from the sale of this mortgaged lot of land, and applying the two sums to the mortgage, it was extinguished and paid off. It should, however, be stated, that when these payments were made, the mortgagor did not direct how they should be appropriated; and it is proper to remark in this connection that there was evidence tending to show that Green, the mortgagor, had knowledge of the manner in

which these equal payments were appropriated, and that he made no objection.

When the turpentine was delivered, and goods were purchased, or money advanced by Ford to the mortgagor upon the general account between them, and allowing a credit for all those payments by the delivery of turpentine and by the proceeds of this mortgaged lot of land, the entire amount of the account was not paid off. Ford appropriated, with the consent of this defendant, as he alleges, those payments of turpentine to the unsecured portion of the account; and the issue submitted was, whether this was a proper appropriation of the payments; the jury found that it was, and that upwards of $800 was still due upon the mortgage, and, inferentially at least, that the payments derived from the turpentine satisfied and paid the unsecured portion of the account. Thereupon a motion for new trial was made by Green upon various grounds, upon the ground both general and special, which was refused.

The charge of the court covers every phase of the case, and presents the different theories of the case fairly and fully to the jury. There was evidence enough to sustain their finding; indeed, it is hardly questionable if their finding, under the proper rules of law, was not imperatively demanded by the evidence. When a payment is made by a debtor to a creditor holding several demands against him, the debtor has the right to direct the claim to which it shall be appropriated. If he fails to do so, the creditor has the right to appropriate at his election. If neither exercises this privilege, the law will direct the application in such manner as is reasonable and equitable, both as to parties and third persons. As a general rule, the oldest lien and the oldest item in an account will be first paid, the presumption of law being that such would be the fair intention of the parties. Code, §2869.

In *Pritchard vs. Comer & Co.*, 71 *Ga.* 18, this court held that where a mortgage is given to secure a debt, and the

mortgagor opens a subsequent account with the mortgagee, which is unsecured, and the funds arising from the sale of the mortgaged property come into the hands of the mortgagee, who applies them to the payment of the unsecured debt, without any direction or consent upon the part of the mortgagor that such application should be made, this appropriation is a violation of the intention of the parties as deduced from the transaction between them, which was equivalent in law to a direction to apply the fund to the extinguishment of the debt secured by the mortgage.

This ruling is repeated in the case of *Hatcher & Baldwin vs. Comer & Co.*, 73 *Ga.* 418, 422. But the case most nearly in point is that of *Johnson vs. Johnson*, 30 *Ga.* 857, where it was held that money paid by the debtor, or his agent, to the creditor, in discharge of a particular debt, cannot, without the consent of the debtor, be applied to any other.

The proceeds arising from the sale of the mortgaged property, under the principles here laid down, and under the facts of the case, were properly applied to the payment of the debt for which the property was pledged by the mortgage. But where the parties went on dealing together and had various transactions, and money was sometimes advanced and supplies furnished to make and harvest the turpentine, an implication might arise from that, that it was the intention of the parties to apply the turpentine furnished in payment of those items at the time when the advances were made and the supplies furnished. That most if not all of it went in this way, is evident. The $700 derived from the sale of the land mortgaged was applied, as is fairly inferable from the testimony of Mr. Ford, to the extinguishment of the mortgage, and the balance, after paying the unsecured account, went as an additional credit on the mortgage. The finding of the jury shows at least that such was the inference they drew from the evidence. There is no pretence that the value of this turpentine was more than enough to settle and pay off the

unsecured accounts, and to entitle Green to any further credits than those allowed him. It should be remarked, in relation to the special exceptions to these charges as embodied in the grounds of the motion for new trial, that there is but one of them that is approved by the judge without modification or qualification, and that is the 6th ground of the motion. In that we find no error. There are allegations that the court failed and neglected to charge certain things; in some instances, the court says he did charge them, as will be seen by his general charge. The general charge, as before remarked, covered everything that was in the case. Upon the whole, we think there was no error either in the charge or in the finding of the jury; and the judgment is affirmed.