## BOWLES *v.* BOWLES.

Under the facts disclosed by the record, there was no error in overruling the certiorari.

Submitted June 28, — Decided July 20, 1897.

Certiorari. Before Judge Hart. Greene superior court. August term, 1896.

John H. Bowles brought an action of trover against Dick Bowles, in a justice's court, to recover certain corn, fodder, peas and cottonseed of the alleged value of $50, to pay the balance due on an account for supplies furnished to the defendant as a "cropper" of the plaintiff. The case was tried by a jury in the justice's court, who rendered a verdict in favor of the plaintiff; the defendant took the case to the superior court by certiorari; the judge of the superior court overruled the certiorari, and the defendant excepted.

The account sued on consisted of the following items: balance on account unpaid in 1894, $52.15, interest $4.09, amount of account for 1895, $48.16, total $104.40; from which credits were deducted as follows: 1895, November, proceeds from sale of cotton, $58.81, $25.84; leaving balance unpaid $19.75. Plaintiff testified: The account was for supplies furnished by plaintiff to defendant, and the property for the recovery of which the action was brought was produce raised by defendant as plaintiff's cropper in the year 1895. Defendant agreed in the summer of 1895 that if plaintiff would furnish him land and supplies for the year 1896, he (defendant) would pay him everything he was owing for the past year. He (plaintiff) demanded the property sued for before bringing suit, but defendant refused to deliver it or pay what was due plaintiff. When the crop was hauled up from the field plaintiff was not present. Half of it was carried by his instructions to his house, and half to the defendant's. The crop sued for is a part of the defendant's half. The money from the first cotton sold by plaintiff was credited on the old debt, because of authority claimed to have been given by the cropper. Plaintiff did not intend to waive his landlord rights by this division. It does not appear that the defendant knew what his (plaintiff's) intentions were. All the cotton had not been gathered, and it could not be told whether or not it would pay the debt. A witness testified that she heard a conversation in the summer of 1895 between plaintiff and defendant, when the latter asked to work the same farm for another year. The plaintiff replied, "You must pay me all you owe me before I will trade," and defendant said, "I want to pay my first cotton on that old debt; I want you to have your money if it takes the last grain of corn I make." Defendant testified that he did not think he made the promise to pay the old debt; also, that the supplies furnished, especially the molasses, could not be eaten.

*James Davison*, for plaintiff in error.

*Samuel H. Sibley*, contra.

SIMMONS, C. J.    Exception is taken to the overruling of the certiorari to a judgment in a justice's court against Dick Bowles.

The first assignment of error in the petition for certiorari was, "that the account sued on consisted of an item from the year 1894 of $56.24, said item being the first item of the account for 1895, that excepting said item the account for the year in which the crop was made (1895) was paid, that no payment had been made by the cropper to the landlord but that the landlord had sold certain portions of the crop raised and applied the cropper's half of the proceeds to the payment of said debt of a previous year without authority of law or of the debtor, that the cropper's half of the proceeds from the crop sold should have been applied by the jury first to the payment of the account for supplies furnished to make the crop of 1895, which would have discharged said account for 1895, and for said reason the verdict of the jury finding for the landlord in his action of trover was contrary to law and the evidence." This is a question simply of the appropriation of payments as between the parties, and in considering it we need not regard what the rights of third persons might have been. The jury had ample evidence upon which to base a finding that J. H. Bowles, the owner of the land, applied the proceeds of the crop as agreed upon by him and his cropper. There is ample evidence that this agreement, constituting an appropriation by contract, was binding and unrescinded at the time this application of the proceeds of the crop was made. If the appropriation was made in pursuance of a contract to which both parties consented, there can arise no question of appropriation by law. *Mercer* v. *Tift*, 79 *Ga.* 174. The jury by their verdict found that an agreement was made to appropriate the first cotton to the payment of the old debt, and there is no evidence of any attempt by the cropper to revoke this agreement, even if revocation were within his power. *Pritchard* v. *Comer & Co.*, 71 *Ga.* 18. We think then that the evidence supports the finding of the jury in so far as it relates to the application of the proceeds of the first cotton to the old debt, and that the right so to apply them was given by the cropper.

The second assignment of error in the petition for certiorari is, "that the crop sued for had been divided, under the undisputed evidence, the landlord taking his half and the cropper

taking his half, and said division vested the title in the cropper and the landlord could not revest it in himself by an action of trover. If he had a remedy, it was to sue therefor." The defendant was the cropper of the plaintiff, the relation of landlord and tenant did not arise between them, and the title to the crop, subject to the interest of the cropper, remained in the plaintiff. Where, however, there has been a final division of the crop — an apportionment to each of his share — the portion set apart to the cropper becomes his, and the owner of the land has no title thereto and can not recover it in an action of trover. After such a division, if the owner of the land has any claim for advances, his remedy is to sue therefor. *Hughes* v. *Stewart*, 74 *Ga.* 827. The principle announced in the case just cited extends, we think, only to cases where a final division has been made, and not to instances where a sort of provisional division is effected for purposes of convenience. We can readily imagine cases where circumstances, such as a great distance between the storehouses of the parties and a belief that the crop will "pay out," would prompt the parties to make a tentative partition of the crop (in order to avoid as far as practicable any unnecessary removal or rehauling of it), without intending or in fact effecting any final division and without either party releasing any of his pre-existing rights. Where a division has been made and there is a dispute as to whether such division was final or was merely provisional, the intent of the parties must determine the question, the decision of the matter being within the province of the jury. In the present case the jury has decided that the division was intended to be not final but provisional. There was evidence to support this finding, and the trial judge did not err in refusing to disturb it.

Under the facts disclosed by the record, there was no error in overruling the petition for certiorari.

*Judgment affirmed. All the Justices concurring.*