### 46798.   AULTMAN v. T. F. TAYLOR FERTILIZER WORKS, INC.

EBERHARDT, Judge. This was originally an equitable action brought by Davis Aultman seeking injunctive relief against foreclosure upon real estate, but this appeal after a jury trial involves only the correctness of a money judgment awarded appellee on its counterclaim. Consequently the Supreme Court transferred the appeal to this court. *Aultman v. T. F. Taylor Fertilizer Works,* 228 Ga. 99 (184 SE2d 155).

On February 23, 1967, Aultman executed to appellee Fertilizer Works a combination note and security deed in the amount of $15,732.84 for the unpaid balance of his 1965 and 1966 fertilizer accounts. The note portion appeared in first order on the contract and provided for the usual

8% interest after maturity plus 15% attorney's fees. There followed a conveyance of certain real estate as security for the payment of the note and, after this, the following provisions: "It is understood and agreed as a part of this contract, that this instrument shall secure any other indebtedness of any kind, which I now owe, or may hereafter owe said payee during the life of this instrument. *I expressly waive the right to direct application of any payment made by me to the holder of this note and give such holder the right to apply any such payment to any indebtedness I owe it."* (Emphasis supplied.)

During 1967 and 1968, subsequent to the execution of this contract, appellant Aultman continued to purchase fertilizer and related products from appellee for use upon his farm in Calhoun County and rented land in Lee County. Products purchased for the Calhoun County farm were billed to the "Aultman and Storey Account," and products purchased for the Lee County farm were billed to the "Davis Aultman Account." On November 20, 1967, Aultman paid appellee $10,000 by check which bore the following notation: "For payment on fertilizer note." Appellee negotiated the check and applied the payment to the 1967 "Davis Aultman" account rather than to the note for the 1965 and 1966 accounts.

In 1968, a dispute arose between the parties as to the amount of the debt, particularly in regard to the "Davis Aultman" account. On December 3, 1968, Aultman paid appellee $18,000 on the fertilizer bills which the latter applied to the disputed 1968 "Davis Aultman" account. On December 16, 1969, counsel for appellee notified Aultman by letter that appellee had commenced foreclosure proceedings against the Calhoun County farm in accordance with the contract, and in the same letter gave the attorney's fees notice provided for by *Code Ann.* § 20-506. On December 24, 1969, within ten days of the notice, Aultman tendered to appellee $8,122.16 in cash to be in full payment of the balance of principal and interest on the promissory note for the 1965 and 1966 accounts,

which was refused. On December 29, 1970, Aultman filed the present action and paid the $8,122.16 into the registry of the court. The case was tried before a jury and resulted in a verdict for appellee on its counterclaim in the sum of $45,989.90, plus the $8,122.16 previously paid into court. Aultman appeals. *Held:*

1. We find no merit in the contention that the attorney's fees notice was defective in that it did not set forth the date of the note. Aultman's complaint against appellee for injunction against foreclosure admitted receipt of the notice, which was attached thereto as an exhibit; there was only one note or instrument executed by Aultman to appellee; and Aultman could not possibly have been misled or prejudiced because the date of the note was not stated, since in response to the notice Aultman tendered the amount he claimed to be due within the ten-day period from its receipt. See, e.g., *Dixie Constr. Co. v. Griffin,* 104 Ga. App. 457 (1) (121 SE2d 926); *Newby v. Armour Agricultural Chemical Co.,* 119 Ga. App. 650, 651 (3, 4) (168 SE2d 652). Enumeration of error number 3 is without merit.

2. The principal issue between the parties is whether, and to what extent, 8% interest and 15% attorney's fees were allowable on the indebtedness. The trial court, by pretrial order and by various instructions to the jury, allowed recovery of 8% interest and 15% attorney's fees on indebtedness other than that evidenced by the note for the 1965 and 1966 accounts.

This was error. It is clear that the contract secured indebtedness incurred subsequent to its execution by virtue of the open end clause, and it is equally clear, by virtue of the provision giving appellee the right to direct application of payments, that appellee could apply the payments of $10,000 and $18,000 to the 1967 and 1968 accounts rather than to the note. *Code* § 20-1006; *Mercer v. Tift,* 79 Ga. 174; *Bowles v. Bowles,* 101 Ga. 837, 839 (29 SE 35). Thus in the event the jury found that all payments were applied to accounts found to be correct for 1967 and

1968, so that no payments were applied to the note, interest and attorney's fees would be allowable on the note. However, we know of no authority which would authorize the recovery of interest and attorney's fees on an open account indebtedness simply because the indebtedness was secured by an open-end clause in the security agreement, absent provision therefor in the security instrument, or because the obligee had the right to direct application of payments. In order to be collectible, there must be a specific agreement to pay attorney's fees upon a note or other evidence of indebtedness. *Code Ann.* § 20-506. It is quite clear to us that the provisions of the instrument under consideration relative to interest and attorney's fees apply only to the indebtedness evidenced by the promissory note and not to subsequent open account indebtedness secured by the open end clause. In order for interest and attorney's fees to be collectible on the open account indebtedness, it is our view that the instrument must have provided that Aultman agreed to pay 8% interest and 15% attorney's fees on "any indebtedness of any kind secured hereby, which I now owe, or may hereafter owe to said payee during the life of this instrument," or in language to this effect.

Having concluded that it was error to allow recovery of interest beyond the legal rate for open accounts and attorney's fees on indebtedness other than that stated in the note, we find it necessary to reverse and remand for a new trial because the jury, in accordance with instructions from the court, returned a lump-sum figure for principal, interest and attorney's fees. Under the circumstances of this case "it can not be determined from the verdict whether the jury found that the [appellee] was entitled to recover the full principal amount or whether they found that the [appellee] was entitled to a portion of the principal amount and all or a portion of the interest, or attorney's fees, or both, or just what they did find." *Walton v. Johnson,* 212 Ga. 378, 380 (92 SE2d 861). Hence this court cannot correct the verdict by

ordering the writing off of the illegal portion, whatever that was. Enumerations of error 4 through 8 are meritorious and require reversal.

3. Appellant has failed to demonstrate how he was harmed by matters complained of in enumerations 1 and 2, and hence no reversible error is shown.

*Judgment reversed. Bell, C. J., and Evans, J., concur.*
ARGUED JANUARY 3, 1972—DECIDED JANUARY 31, 1972.

*Reinhardt, Whitley & Sims, Glenn Whitley,* for appellant.
*Billy G. Fallin,* for appellee.