DEMERE, executrix, *v.* GERMANIA BANK.

116  317
124  158
116  317
126  130

1. Under the Civil Code, § 3667, as it stood before the act of 1900, an obligation to pay attorney's fees upon a note, in addition to the stipulated rate of interest, whether such obligation be contained in the note or in a deed given to secure the note, is unenforceable unless to a suit upon the note the defendant files a plea which is not sustained.
2. Where in such case the record shows that the defendant did not appear or plead, and judgment was nevertheless rendered for principal, interest, and attorney's fees, that part of the judgment which is for attorney's fees is void.

Argued July 1, — Decided August 9, 1902.

Motion to set aside judgment.   Before Judge Norwood.   City court of Savannah.   July 22, 1901.

*Adams, Freeman, Denmark & Adams* and *Saussy & Saussy,* for plaintiff in error.   *George W. Owens,* contra.

SIMMONS, C. J.   In 1897 a promissory note for $30,000 was given the Germania Bank by Mrs. Ferrill.   To secure this note and all renewals of it, she made a deed to certain property.   This deed contained a covenant that, "should [the bank] proceed to enforce the payment of any sum that might be secured by said deed, after default, by placing the same in the hands of an attorney for collection, or otherwise, the said [bank] should be entitled to recover, as part of the debt secured, ten per cent. of the amount found to be due, as attorney's fees on the same."   The promissory note was renewed from time to time until November 16, 1898, when Mrs. Ferrill gave the bank a note for $30,000, due thirty days after date. On this note suit was brought to the February term, 1900, of the city court of Savannah, the petition setting out the foregoing facts. From the record it appears that the defendant did not appear or plead, and, on February 13, 1900, judgment was rendered in favor of the bank for principal and interest and attorney's fees.   The judgment recited that due proof had been submitted, and also that the defendant had been called and had made default.   It gave a special lien on the land described in the deed.   A year later the defendant filed a motion to set aside this judgment.   She first paid the principal and interest of the judgment, and the sole question made was whether the judgment was a valid one as to attorney's fees. The judge below held the judgment good, and refused to set it aside.   Movant excepted.   The plaintiff in error having died and

her death having been suggested in this court, her executrix was made a party in her stead.

Under the terms of the deed, the defendant below would seem to have been liable for attorney's fees immediately upon the bank's placing the claim in the hands of an attorney for collection. Her counsel contend, however, that this obligation, under the act of 1891, became binding only in the event the defendant filed a plea which was not sustained. This act is now codified in section 3667 of the Civil Code as follows: "Obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, are void, and no court shall enforce such agreement to pay attorney's fees, unless a plea or pleas be filed by the defendant and not sustained." This section was amended in 1900 (see Van Epps' Code Supp. § 6185), but the amending act is not here applicable, as its passage was subsequent to the rendition of the judgment against Mrs. Ferrill. Counsel for the bank, the defendant in error, contend that this section of the code is applicable only where the contract to pay attorney's fees is contained in the note or other evidence of indebtedness, and that a deed given to secure a note is not an evidence of indebtedness. It was also argued at length that this statute, being in derogation of common law and imposing a limitation on the right to contract, should be strictly construed and not applied to any case which does not come within its letter.

Our opinion is that the judgment for attorney's fees is void. A deed to secure a note is probably not an evidence of indebtedness (*Littlefield* v. *Cleary*, 66 *Ga.* 322), but we think that this code section applies without regard to whether the obligation to pay attorney's fees be contained in the evidence of indebtedness or in some other paper. In the first place, we think that this statute is not one which must be strictly construed. As suggested in the admirable brief for the plaintiff in error, an undertaking to pay attorney's fees in addition to principal and interest is in the nature of an agreement for a penalty, and the statute under consideration is to take away the penalty in certain cases, and is remedial. Then, too, it must be remembered that the cardinal principle in the interpretation of any statute is the intention of the legislature, "keeping in view at all times the old law, the evil, and the remedy." Pol. Code, § 4, par. 9. If necessary to give an act its true intent,

courts will even depart from its letter. Before the passage of this act, a stipulation to pay attorney's fees subjected the debtor to a penalty for a failure to pay his indebtedness, even though he honestly could not pay and made no resistance to the creditor's suit. This was the evil at which the act was directed, the remedy being to relieve the debtor from the payment of attorney's fees except where he litigated with the creditor and resisted the suit on grounds which were not in any part upheld, — except where "a plea [was] filed by the defendant and not sustained." If the act were susceptible of two constructions and under one of them it could be avoided merely by placing the agreement for attorney's fees in a separate paper, the other construction should be adopted. The first would render the act so easily defeated as to be practically nugatory. But we think that the present case comes not only within the spirit but within the letter of the statute. The statute does not say "obligations *in* any note or other evidence of indebtedness." The word " upon " is used and carries a broader signification, especially as it follows, not the word " obligations," but the phrase " obligations to pay attorney's fees." The words, " obligations to pay attorney's fees upon any note or other evidence of indebtedness," seem clearly broad enough to include all obligations, wherever found, in the note or elsewere, to pay attorney's fees upon a note or other evidence of indebtedness. There is no limitation of " obligations " as to the place where found, but only as to kind, that is, obligations to pay attorney's fees upon any note or other evidence of indebtedness. The prepositional phrase introduced by " upon " limits, not " obligations," but " pay." Nor does the succeeding clause change this construction. In that clause the word " therein " refers to the rate of interest which is specified in the evidence of indebtedness, but it does not have the effect of restricting the statute to obligations contained in such evidence of indebtedness. In the present case we think it immaterial that the agreement to pay attorney's fees was placed in the deed and not in the note; and that the code section applies to any obligation, in the note or elsewhere, to pay upon the note attorney's fees in addition to the stipulated rate of interest. It follows that so much of the judgment as was for attorney's fees was invalid, and that the judge erred in overruling the motion to set aside that portion of the judgment.

*Judgment reversed.　　All the Justices concurring, except Lewis,* .*J., absent.*