### STOCKING v. MOURY.

BECK, J. 1. It is competent for the parties to a series of promissory notes, maturing monthly through several years, to provide that in case default is made in the payment of any one or more of the notes at maturity, time being of the essence of the contract, the entire series shall become due and collectible at once, and if those notes, the maturity of which has been accelerated by the default, provide for the payment of ten per cent. attorney's fees, the same may be collected in the manner provided by law. *Kilcrease* v. *Johnson*, 85 *Ga.* 600.

2. The notice served upon the defendant in this case was a substantial compliance with the provisions of the act of the legislature approved December 12, 1900 (Acts 1900, p. 53), regulating the manner of collecting attorney's fees. *Judgment affirmed. All the Justices concur.*

Submitted April 18,—Decided May 18, 1907.

Complaint.     Before Judge Brand.     Gwinnett superior court. May 4, 1906.

On May 11, 1904, Mrs. Stocking executed to Curtis a series of promissory notes, falling due monthly thereafter, the last note being payable April 15, 1910. These notes were indorsed to Moury. In the notes it was provided that "time is of the essence of the contract, and if any four of said series of notes shall not be paid promptly when due, then all the remaining unpaid notes shall be considered as due and collectible, and the right of action thereon shall, at the option of the holder thereof, at once accrue;" and that ten per cent. attorney's fees shall be paid, "if collected by law or through an attorney." On June 23, 1905, Moury served Mrs. Stocking with the following notice: "You are hereby notified that suit will be brought to the fall term, 1905, of the superior court of Gwinnett county, by David Moury, upon your sixty-three remaining unpaid purchase-money notes, dated May 11, 1904, for the principal sum of $20 each, falling due and payable monthly, with interest from date at the rate of eight per cent. per annum, waiving and renouncing all homestead and exemption laws and providing for ten per cent. attorney's fees, and stipulating that if any four of said notes shall not be paid promptly, then all the remaining unpaid notes shall be considered as due and collectible, and the right of action thereon, at the option of the holder of the same, shall at once accrue; said notes being given as purchase-money notes for a tract of land in the town of Norcross, Ga., and signed by Allene N. Stocking (yourself), as maker, and payable to Chas. F. Curtis, and now held and owned by said David Moury. Suit will be brought on said described series of notes to the superior court of Gwinnett county, Georgia, fall term 1905, which convenes on the first Monday in September, 1905. This notice is given under section 3667 of the Code of Georgia of 1895, as amended by the acts of the General Assembly of 1900, page 53, providing for the collection of attorney's fees." Suit was duly brought by Moury in conformity to the notice given, the plaintiff alleging that five of the notes were then past due and unpaid, and praying judgment for principal, interest, and attorney's fees upon the entire series which remained unpaid. The following agreement of counsel is a part of the record in this case: "We, the attorneys of record in the above-stated case, for the plaintiff and defendant, agree that the

only question not admitted by defendant in the pleading is the question of amount on which the ten per cent. attorney's fees shall be allowed in said case." The jury returned a verdict in favor of the plaintiff for the principal, interest, and attorney's fees sued for; and the defendant moved for a new trial. The motion was overruled and she excepted.

*D. K. Johnston,* for plaintiff in error.

*H. W. Dent* and *J. A. Perry,* contra.