36451. MOORE *et al. v.* TRAILMOBILE, INC.

TOWNSEND, J. Trailmobile, Inc. sued the plaintiffs in error on a note, copy of which providing for attorney fees was attached to the petition. The date of service was May 24, 1956, and the petition was answered by pleadings filed on June 25, or 32 days later. The plaintiff, being a non-resident, had made a cost deposit of $10 pursuant to the provisions of Code § 24-3407. At the call of the case for trial the plaintiff moved to strike the defendant's answer on the ground it was filed too late, and this motion was granted. Thereafter the court entered judgment for the unpaid principal balance of the note, interest from a date stipulated between the parties, and 15% attorney fees. Error is assigned on these judgments.

1. Code (Ann. Supp.) § 110-401 provides as follows: "If any case is not answered on or before its appearance day, such case shall automatically become in default unless the time has been extended as provided by law. The default may be opened as a matter of right by the filing of such defenses within 15 days after the appearance day, upon the payment of costs. If the case is still in default after the expiration of such period of 15 days, the plaintiff, at any time thereafter shall be entitled to verdict and judgment by default as if every item and paragraph of the petition were supported by proper evidence, and his claim, allegation or demand may at any time thereafter be tried without the intervention of a jury unless the suit is one for unliquidated damages, whether ex contractu or ex delicto, in either of which events the plaintiff shall be required to introduce evidence and establish the amount of damages before a jury, with the right to move for a new trial in respect to such damages, and also to except as in other cases."

Code (Ann. Supp.) § 110-404 provides as follows: "At any time before final judgment, the judge, in his discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of a plea, or for excusable neglect, or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and announce ready to proceed with the trial." The defendants unquestionably filed their defensive pleadings later than the 30 days from date of service allowed by Code (Ann.) § 81-201 and were accordingly automatically in default, under the terms of the statute. They failed, either within the 15 days allowed them by right or thereafter to make any motion to open the

default or any offer to pay the costs. The defendants would not have the right to rely on the cost deposit made by the plaintiffs to cover their own obligation to pay costs and, even if they might have done so, nothing in the record indicates that the plaintiffs paid more than the $10 required by law to be deposited or that the accrued costs at the time of dismissal were not more than this amount. Accordingly, the record shows no abuse of discretion on the part of the trial court in dismissing the defensive pleadings and in thereafter entering judgment for the plaintiff, and, since the action was not one for unliquidated damages, there is no merit to the contention that the defendants were not allowed to cross-examine witnesses or argue the question of damages before a jury.

Since the note provided for 15% of the principal and interest as attorney fees, the damages were not unliquidated. The petition alleges that notice of intention to collect the same had been given "as required by law," and there is no exception in this record to the overruling of a special demurrer addressed to this paragraph. Further, a demand is also incorporated in the petition as follows: "Plaintiff now and again makes a new demand on the defendants to pay this note with interest and upon failure to pay same as provided by law and within the time provided by law plaintiff will claim the attorney fees provided in said note." These allegations substantially meet the requirements of Code (Ann. Supp.) § 20-506 as changed by the Act of 1953 (Ga. L. 1953, p. 545), whereas the original Code section provided that obligations to pay attorney's fees in notes are void *unless* the statutory notice is given, the amendment provides that such obligations are valid and enforceable, subject to the provision that the holder shall inform the debtor that such provisions will be enforced and that such party has 10 days from the receipt of the notice to pay principal and interest without attorney's fees. In the absence of any exception to the ruling on special demurrer, the petition must be taken to mean that the notice given by the plaintiff to the defendants was in the language of Code (Ann. Supp.) § 20-506 and informed them that they had 10 days from the receipt of such notice in which to pay without incurring the penalty of liability for attorney's fees in addition to principal and interest. With the answer stricken, there was no denial of this allegation. The first case on this point, *Miller* v. *Georgia Railroad Bank*, 120 *Ga.* 17, 19 (47 S. E. 525), held: "Had the original petition alleged that such notice was given, it is clear that the defendant's failure to appear and plead would have dispensed with the necessity for proof on the subject." *Turner* v. *Bank of Maysville*, 13 *Ga. App.* 547 (79 S. E. 180), holding that even though a suit be in default, the allegation as to the notice for attorney's fees must be proved by evidence on the trial of the case, is in conflict with the obiter statement of this older decision. It was also stated in *Pritchard* v. *McCrary*, 122 *Ga.* 606 (50 S. E. 366), that such allegation *if denied* must be proved on the trial, and this is the language used in most of the decisions. Since the Code section has been materially altered it is likely that none of these decisions is now controlling, and we now hold, in conformity with the general rule, that where the petition alleges facts showing that the defendant has in fact been notified as required by the

894

statute and has failed to pay within the 10-day period allowed, and such allegation is not denied, it is unnecessary to offer proof in support of such allegation on the trial of the case.

There was no error in striking the defensive pleadings and thereafter entering judgment for the plaintiff.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 22, 1957.

*Walton Hardin*, for plaintiff in error.
*Lawson E. Thompson*, contra.