### 41332. ADAIR REALTY & LOAN COMPANY v. WILLIAMS BROTHERS LUMBER COMPANY et al.

BELL, Presiding Judge. This is an appeal objecting to the judgment of the trial court refusing to award attorney's fees on a promissory note.

*Code Ann.* § 20-506 authorizes collection, as a part of the debt, of contractual obligations to pay attorney's fees on the creditor's giving 10 days notice to the debtor. If the debtor pays

the principal and interest in full during that 10 day period the attorney's fees are not collectible. The obligation to pay attorney's fees is only a contingent liability and the debtor is not bound to pay them until there is a full compliance with conditions precedent stated in the statute. *Strickland v. Williams*, 215 Ga. 175, 177 (2) (109 SE2d 761). These conditions precedent include those that the collection be made by an attorney at law, that the debt has matured, that the contract included an obligation to pay attorney's fees, and that the required 10 days notice has been given and the period has expired without payment of the principal and interest in full. In the case at bar the notice given by the holder of the note to the maker is deficient in that the alleged notice did not contain the statutory *requirement informing* the maker that she had ten days from the receipt of the notice to pay the principal and interest of the note without obligating herself for the payment of attorney's fees. "By the terms of *Code (Ann. Supp.)* § 20-506, attorney's fees, for which provision is made in a promissory note, are not collectible unless it be alleged and proved that after maturity the holder of the note notified the person sought to be bound thereon that he had ten days from the receipt of such notice to pay the principal and interest without attorney's fees; . . ." *Stone v. Colonial Credit Co.*, 93 Ga. App. 348, 349 (3) (91 SE2d 835). See *Walton v. Johnson*, 213 Ga. 108, 111 (3) (97 SE2d 310). The notice here while otherwise substantially complying with the requirements of the statute, merely advised the maker that, if she did not make arrangements to pay the note in full within ten days from the date of the notice, rather than from the date of its receipt by her, plaintiff would claim attorney's fees provided for in the note.

The judgment of the trial court disallowing attorney's fees to appellant as a part of the indebtedness is affirmed.

*Judgment affirmed. Frankum and Hall, JJ., concur.*

Submitted May 5, 1965—Decided May 20, 1965—
Rehearing denied June 21, 1965.

*Smith, Ringel, Martin & Lowe, Hoke Smith,* for plaintiff in error.

*O. E. Williams, Sam G. Dettelbach, Mitchell, Clarke, Pate &*

18

*Anderson, Paul H. Anderson, Claude Hambrick, Jr., George Ricketson, William J. Porter, Jr.,* contra.