41578. DALE, INC. et al. v. DAWSON COUNTY BANK.

PANNELL, Judge. 1. Under *Code* § 14-907 (prior to its repeal by the adoption in this State of the Uniform Commercial Code, Ga. L. 1962, p. 156, et seq., and the enactment of a new section on the subject, 109A-3—407), where a promissory note in the body thereof provided a due date, and in the upper lefthand corner, but not in the body of the note, had a box filled out "due 12-21-63" and this date had been marked through in ink and above the box there was written in ink "Nov. 15, 1964," such alleged alteration is not material as it did not affect the contract in any manner, the contract itself being unchanged. See *Bryant v. Georgia Fertilizer &c. Co.,* 13 Ga. App. 448 (79 SE 236), where such a change was made in a box containing figures as to the amount of the note sued upon. It follows, therefore, that the trial court did not err in sustaining the general demurrer to separate pleas of non est factum of each defendant based upon such alleged alterations.

2. The "answer and plea" of each defendant denied the allegations of the petition as to the serving of a notice of attorney's fees upon the defendants and alleged "that on December 10, 1964, plaintiff notified defendants, M. B. Dale, Inc., and Fred S. Dale of its intention to file suit and stated that attorney's fees would be sought as stated in the note," and

that plaintiff and defendants entered into an agreement whereby defendants would make a payment on said note in the amount of $500, and that by reason of this agreement and payment "said notice was withdrawn and cancelled." Whether or not the payment pursuant to the agreement of $500 on the indebtedness, evidenced by the note sued upon, was a sufficient consideration to support the agreement to withdraw and cancel the notice of attorney's fees, it is not necessary to decide for the reason that the notice alleged in the answers to have been given was not sufficient to comply with the statute. *Code* § 20-506, as amended by Ga. L. 1946, pp. 761, 766; Ga. L. 1953, pp. 545, 546; Ga. L. 1957, p. 264 (*Code Ann.* § 20-506); *Walton v. Johnson*, 213 Ga. 108, 111 (3) (97 SE2d 310). No question of notice before suit is involved in the present statute. To comply with the present statute, the notice must be to the person sought to be bound thereon notifying him that he has 10 days from receipt of such notice to pay the principal and interest without attorney's fees. The old form of notice does not meet the requirements of the present statute. The answers, therefore, set up a defense as against the claimed attorney's fees. It follows that the trial court erred in striking the "answer and plea" of each defendant.

3. Under *Code* § 57-101 it is permissible to contract for a rate of interest not greater than 8 percent per annum. The rate sued upon in the present case provides for 8 percent per annum from the date of the loan. The plea of usury filed by the defendants is merely a claim that certain payments made by the defendants were, by the holder of the note and the payee therein, credited to interest up to certain dates, whereas the interest earned up to that date was less than the amount of the payments so credited. There is no allegation that these payments were exacted from the defendants as interest in advance but merely that they were so credited, and, whether intentionally or not, is not alleged. This is not sufficient to constitute a plea of usury. *Code* § 81-901. As defined in our Code, "Usury is the reserving and taking or contracting to reserve and take, either directly or by indirection, a greater sum for the use of money than the lawful interest." *Code* § 57-102. There was no error in dismissing the pleas of usury in the present case. Whether or not the answer in the present case failed to set forth a good plea of

562

usury on the theory that Sec. 1 of the Act of 1961 (Ga. L. 1961, p. 300), designated by Sec. 2 of that Act as § 57-118 of the Code of Georgia, was applicable to the present case it is not necessary to decide. This section reads, in part, as follows: "Notwithstanding any contrary provision of law, any foreign or domestic corporation organized for pecuniary gain may in writing agree to pay such rate of interest as such corporation may determine on any loan under which the principal balance to be repaid shall originally exceed the sum of $2,500 . . . ; provided, however, that nothing contained in this section shall apply to any loan to a public, charitable, religious, or other nonprofit corporation."

Judgment affirmed with direction that the plaintiff write off the amount of attorney's fees included in the judgment below, and that upon failure to do so the judgment stand reversed for the reasons given in Division 2 of this opinion.

*Judgment affirmed with direction. Nichols, P. J., and Eberhardt, J., concur.*

ARGUED OCTOBER 5, 1965—DECIDED OCTOBER 29, 1965.

*Palmour & Palmour, James E. Palmour, III,* for appellants.
*Wotton, Long, Jones & Read, Charles D. Read, Jr., Herbert Buffington,* for appellee.