## 50216. TURK'S MEMORY CHAPEL, INC. v. TOCCOA CASKET COMPANY.

STOLZ, Judge.

The defendant appeals from the award of attorney

fees on a promissory note, based upon the following alleged statutory notice: "Re: An open account with Toccoa Casket Company in the amount of $1,127.03, and a promissory note to Toccoa Casket Company in the amount of $3,998.74, with a balance due of $3,787.39. . . Please be advised that we are attorneys representing Toccoa Casket Company, and have been requested to pursue collection of the above referenced accounts. Prior to instituting legal action, it is our custom to allow time within which parties may perform their obligations and make a voluntary payment. Payment must be made within ten (10) days *from the date of this letter.* In accordance with the terms of your promissory note with Toccoa Casket Company, the holder of said note has the right and privilege to bring suit and ask for attorney's fees. This is to give you notice in accordance with the Georgia Code Annotated, Section 20-506 (c), that said note provides for 15% attorney's fees if collected by law or through an attorney at law. Please contact this office within ten (10) days from the date of this letter *to avoid litigation.*" (Emphases supplied.)

The purported notice did not comply with the requirements of Code Ann. § 20-506 (c) (as amended by Ga. L. 1968, p. 317) in that it failed to clearly state that the defendant could pay the principal and interest without the attorney fees (merely stating that the defendant could make a voluntary payment "to avoid litigation"), it failed to state whether the amount claimed due was merely principal or included interest, and it allowed only ten days from the *date of the letter* within which to make the payment, rather than from the *receipt of the notice,* as provided by the statute. See *Adair Realty &c. Co. v. Williams Bros. Lumber Co.,* 112 Ga. App. 16 (143 SE2d 577) and cits.

"Because of the failure of the plaintiff to give a proper notice, the recovery of attorney's fees was unauthorized. Leave is given the plaintiff to write off the attorney's fees within ten days after the filing of the remittitur in the court below, and upon [its] doing so, the judgment will be affirmed; otherwise a new trial is ordered . . .

"The defendant having procured a substantial re-vision of the judgment against [it] (or a reversal of the judgment, if the direction given is not complied with), it is

directed that the costs of the appeal be paid by the plaintiff." *Walton v. Johnson,* 213 Ga. 108, 111 (97 SE2d 310).

*Judgment affirmed on condition. Deen, P. J., and Evans, J., concur.*

SUBMITTED FEBRUARY 11, 1975 — DECIDED FEBRUARY 20, 1975.

*Cochran, Camp & Snipes, Gregory A. Griffin,* for appellant.