## 52400. SOCKWELL v. PETTUS.

PANNELL, Presiding Judge.

This is an appeal from the dismissal of a complaint.

The plaintiff-appellant, on December 16, 1975, brought an action on a promissory note against the defendant-appellee seeking recovery of the principal sum of $14,425.25, interest at 7% per annum, and 10% of the principal and interest as attorney fees. The giving of a notice of attorney fees is alleged and the copy of the notice is attached to the complaint, dated June 11, 1975, with a receipt therefor dated June 12, 1975. Instead of the note being attached as alleged, there was attached a security deed securing a note as described in the complaint dated October 17, 1973, for the principal sum of $14,425.25 with interest of 7% per annum, interest only payable one year from date and the entire balance of principal and interest 18 months from date. The deed contained a power of sale. One of the defendant's defenses was that there had been a sale under the power and the plaintiff had failed to get said sale confirmed as required by Ga. L. 1935, p. 381 (Code Ann. § 67-1503). The defendant also filed his motion to dismiss on the same grounds. The plaintiff

subsequently amended the complaint as follows: "That on foreclosure of said Deed to Secure Debt and pursuant to the power of sale, said property was sold and the principal indebtedness, Fourteen Thousand Four Hundred Twenty-five and 25/100 ($14,425.25) Dollars was satisfied. There was no deficiency judgment; therefore there was no confirmation necessary. Wherefore, Petitioner prays that this Court enter a judgment against the Defendant in favor of the Plaintiff in the amount of One Thousand Four Hundred Forty-two and 52/100 ($1,442.52) Dollars, plus costs of the suit."

The trial judge sustained the motion to dismiss on March 22, 1976, after the amendment to the complaint. The complaint, as amended, complainant admits, seeks to recover attorney fees only on the principal amount of the note. The complainant appealed the dismissal of his complaint to this court. *Held:*

1. It appearing from the pleading of the complaint as amended, that a sale under power was had but no confirmation thereof was had under Ga. L. 1935, p. 381 (Code Ann. § 67-1503), no action could be brought for any deficiency under the terms of the statute, even if the deficiency included attorney fees which had become a part of the principal (see *Baxter v. Bates,* 69 Ga. 587 (2); *Ashworth v. Harper,* 95 Ga. 660 (22 SE 670); *Woods v. State of Ga.,* 109 Ga. App. 225 (136 SE2d 18)) at the time of the sale.

2. Further, if the amount sought to be recovered consists of attorney fees, the notice of attorney fees attached to the pleading was one demanding full payment of the note within 10 days of receipt of the notice, and stating if payment is not received within the 10 days, the complainant would have no alternative than to bring action against the defendant for collection of said note, and that if complainant is forced to take such steps, "then as per the terms of the promissory note, you will be responsible for penalties, attorney fees and court costs." The notice was insufficient under the requirements of Code § 20-506 as amended by Ga. L. 1946, pp. 761, 766; and Ga. L. 1953, Jan.-Feb. Sess., pp. 545, 546. See *Walton v. Johnson,* 213 Ga. 108, 111 (3) (97 SE2d 310).

3. The trial judge did not err in dismissing the

complaint.

*Judgment affirmed. Marshall and McMurray, JJ., concur.*

SUBMITTED JULY 6, 1976 — DECIDED JULY 12, 1976.

J. Caleb Clarke, III, for appellant.
*Northcutt, Edwards & Germano, Don E. Germano, J. Lansing Kimmey,* for appellee.