54109. FARNAN et al. v. NATIONAL BANK OF
GEORGIA.

DEEN, Presiding Judge.

J. A. Farnan, Clyde Farnan and Edward Senecal sued the National Bank of Georgia in tort on a loan commitment "to benefit the business conducted by Farnan Advertising Public Relations, Inc." pursuant to

which the bank loaned a substantial sum. The defendant admitted that a loan to this company was made and by counterclaim sued on a delinquent note to it signed "Farnan Advertising Public Relations by A. J. Farnan." Guaranty contracts for the extension of credit were signed by the two remaining plaintiffs, one indicating the principal as "Farnan Advertising & Public Relations, Inc." and the other leaving the name of the principal blank. The bank then filed a motion for summary judgment on the counterclaim accompanied by an affidavit that the note and guaranty documents were delivered to the bank for the sole purpose of inducing it to extend credit "to Farnan Advertising Public Relations, Inc. as set out in the promissory note," which it did.

The appellants denied none of these statements, and by way of response said only that the records of the Secretary of State of Georgia "will show" an existing corporation by the name of "Farnan Advertising Agency, Inc." and will not show the name "Farnan Advertising & Public Relations, Inc." The trial court then granted the bank's motion for summary judgment as to principal, interest and attorney fees due on the note.

1. There is obviously no viable issue regarding the counterclaim unless one arises by reason of the discrepancy in names noted above. The parties agree that the counterclaim defendants (appellants) procured a loan commitment to benefit the named corporation, and the latter do not deny that J. A. Farnan executed, and the other two guaranteed, the note on which the bank sues, and that the corporation received the money. Supposing that the omission of "Inc." on the note renders the principal an assumed or fictitious name, it would be the obligation of J. A. Farnan (Code § 109A-3—401 (2) and § 109A-3—403 (2) (b)) for the benefit of the corporation. Nor is it controverted that the guarantees were for the same purpose. It is true that the appellants will be taken to have denied the allegations of the counterclaim without need for further pleading, but, in the face of the motion and affidavit, they could not rest on such implied denials but "must set forth specific facts showing there is a genuine issue for trial." Code § 81A-156 (e). The bank having established a prima facie case, and appellants having

failed to produce rebuttal evidence, the grant of summary judgment on the counterclaim was proper. *Stephens County v. Gaines,* 128 Ga. App. 661 (1) (197 SE2d 424). We do not agree with the construction placed by the appellants on *Peara v. Atlanta Newspapers, Inc.,* 120 Ga. App. 163 (169 SE2d 670), but it is in any event no more than a physical precedent, the reasons for reversal being concurred in by only two judges.

2. The ten-day notice requirement of Code Ann. § 20-506 necessary to the enforcement of provisions for payment of attorney fees in addition to principal and interest in notes and other instruments may be complied with by a proper statutory notice to the debtor's attorney of record. *Dunlap v. C & S DeKalb Bank,* 134 Ga. App. 893 (6) (216 SE2d 651). Failure to meet the exact codal requirements, however, will result in disallowance of such attorney fees. *Sockwell v. Pettus,* 139 Ga. App. 311 (228 SE2d 343); *Adair Realty &c. Co. v. Williams Bros. Lumber Co.,* 112 Ga. App. 16 (143 SE2d 577). But the notice may be given after the filing of the suit. *Candler v. Orkin,* 129 Ga. App. 721 (4) (200 SE2d 909). The requirements are that it (a) be in writing, (b) to the party sought to be held on the obligation, (c) after maturity, (d) stating that the provisions relative to payment of attorney fees appearing in the instrument will be enforced and (e) that if payment is made within ten days of the receipt of the notice the obligation will not be enforced. The notice in this case fully met all requirements, but it is contended that it is insufficient in being included in the pleading itself rather than under separate cover. There being no statutory requirement to this effect, its inclusion in the counterclaim does not vitiate its effectiveness. The sum was properly included in the judgment.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

ARGUED JULY 6, 1977 — DECIDED JULY 12, 1977.

*Trauner, King & Cohen, Stanton J. Shapiro, Kevin S. King,* for appellants.

*Smith, Cohen, Ringel, Kohler & Martin, Kenneth L.*

*Millwood, Ralph H. Hicks,* for appellee.