### 55216. BROOKS v. GENERAL ELECTRIC CREDIT CORPORATION OF GEORGIA.

McMURRAY, Judge.

Plaintiff, C. C. Brooks, brought this action to recover attorney fees paid under protest (a reservation of rights as to payment of same) to defendant General Electric Credit Corporation of Georgia. The attorney fees arose in connection with the collection of certain indebtedness of the plaintiff to defendant which indebtedness was evidenced by an agreement providing for reasonable attorney fees actually incurred by defendant in the enforcement of its agreements with plaintiff as guarantor of the indebtedness of Bryant Atlanta Corporation.

Plaintiff made a motion for summary judgment. At the hearing of that motion it was stipulated that there was no dispute as to the material facts and that only an issue of law remained. The sole issue is whether the notices sent to plaintiff and his attorney and to Bryant Atlanta Corporation regarding the obligation to pay attorney fees were sufficient to comply with the requirements of Code § 20-506 (c), as amended (Ga. L. 1946, pp. 761, 766; 1953, pp. 545, 546; 1968, p. 317). The court denied plaintiff's motion, and no further issue of law or fact remaining in the case, the court ordered that judgment be granted for the defendant. Plaintiff appeals. *Held:*

The failure to meet the exact statutory requirements of Code Ann. § 20-506 (c), supra, will result in disallowance of such attorney fees. The requirements include, "stating that the provisions relative to payment of attorney fees appearing in the instrument will be enforced." *Farnan v. Nat. Bank of Ga.,* 142 Ga. App. 777,

779 (236 SE2d 923). As there was no reference to provisions in any instrument relative to payment of attorney fees, the letters sent to plaintiff and his attorney and to Bryant Atlanta Corporation did not meet this requirement. See *Walton v. Johnson,* 213 Ga. 108, 111 (3) (97 SE2d 310); *Sockwell v. Pettus,* 139 Ga. App. 311 (2) (228 SE2d 343); *Adair Realty &c. Co. v. Williams Bros. Lumber Co.,* 112 Ga. App. 16, 17 (143 SE2d 577); *Turk's Memorial Chapel, Inc. v. Toccoa Casket Co.,* 134 Ga. App. 71 (213 SE2d 174). Neither did the letters meet the statutory requirement of notification to the plaintiff that he "has 10 days from the receipt of such notice to pay the principal and interest without the attorney's fees." Code Ann. § 20-506 (c), supra. The court erred in denying plaintiff's motion for summary judgment.

*Judgment reversed. Quillian, P. J., and Webb, J., concur.*

ARGUED FEBRUARY 6, 1978 — DECIDED MARCH 7, 1978 — REHEARING DENIED MARCH 23, 1978 — CERT. APPLIED FOR.

*Redfern, Butler & Morgan, Rex M. Lamb, III,* for appellant.

*Harmon, Smith & Bridges, Nolan B. Harmon, Tyrone M. Bridges, Ginger C. Jones, Archer D. Smith, III,* for appellee.