### 33703. GENERAL ELECTRIC CREDIT CORPORATION OF GEORGIA v. BROOKS.

BOWLES, Justice.

We granted certiorari in *Brooks v. General Elec. Credit Corp. of Ga.,* 145 Ga. App. 407 (243 SE2d 635) (1978), to decide whether failure to meet the exact statutory requirements of Code Ann. § 20-506 (c) results in the disallowance of attorney fees incurred in connection with the collection of a written promise to pay with

provisions therefor.

The respondent, Charles C. Brooks, brought an action to recover attorney fees paid under protest to petitioner, General Electric Credit Corporation of Georgia, which arose in connection with the collection of an indebtedness, evidenced by an agreement providing for reasonable attorney fees incurred by General Electric Credit in the enforcement of its agreement with Brooks as guarantor of a note. In his complaint, Brooks alleged that General Electric Credit's notice of intent to collect attorney fees had failed to comply with the requirements of Code Ann. § 20-506 and, therefore, was legally insufficient.

The notice to respondent from petitioner's counsel read as follows: "We have been asked to represent the interest of General Electric Credit Corporation of Georgia insofar as a claim is concerned against Bryant Atlanta Corporation, and you, *arising out of an indebtedness* from Bryant Atlanta Corporation, and you, to it growing out of loans and monies advanced *pursuant to a security agreement dated October 16, 1972, and the individual Guaranty Agreement executed by you individually on the same date.*

"Because of a default under the terms and provisions of said Security Agreement, General Electric Credit Corporation of Georgia has elected to declare the full amount of said indebtedness immediately due and payable. Demand is hereby made upon you for the immediate payment of the total amount of said indebtedness which, as of April 10, 1975 amounts to $432,744.04 principal, interest through April 10, 1975 in the amount of $1,520.00, together with additional interest from April 10, 1975 at the rate of $156.22 per day.

"Pursuant to the provisions of Section 20-506 of the *Code of Georgia* of 1933, as amended, you are hereby notified that in the event the *above indebtedness* is not paid in full within ten (10) days from your receipt of this letter, that attorneys' fees will be demanded, in addition." (Emphasis supplied.) Brooks contended that the above notice was defective in two regards; first, that it failed to refer to contractual provisions regarding attorney fees;

and second, that it failed to clearly provide that the principal and interest without attorney fees could be paid within 10 days of receipt of the notice.

The case was heard in the State Court of Fulton County on Brooks' motion for summary judgment and General Electric Credit's response thereto. At that hearing the parties stipulated that there was no dispute as to any of the material facts, and, that only an issue of law remained, that being, "whether the notices sent to plaintiff . . . regarding the obligation to pay attorney fees was sufficient to comply with the requirement of Ga. Code Ann. § 20-506(c)."

In granting General Electric Credit's motion for summary judgment, and ordering that a judgment in its favor be entered, the trial court found that there was "no question that [Brooks] understood the notices to apprise him of the facts which the statute requires the creditor to tell him." Further, the trial court found that, "while the letter [did] not track the language of the statute specifically, no authority has been suggested which would make such requirement," and concluded that, "[I]f the legislature intended notice to contain some magic language in particular words, it no doubt would have included a form in the statute itself. Absent such a requirement, it appears clear that defendant complied with the requirements of Section 20-506 and that the notice given was sufficient. The purpose of the statutory conditions to the written contract, which '. . . is to protect the debtor, in spite of default, from any liability for attorney's fees, unless he fails to pay after the lapse of ten days from receiving notice...' was here fulfilled."

On appeal, the Court of Appeals reversed the judgment of the lower court and held that, "[T]he failure to meet the *exact statutory requirements* of Code Ann. § 20-506 (c), supra, will result in disallowance of such attorney fees." (Emphasis supplied.) Since, ". . . there was no reference to provisions in any instrument relative to payment of attorney fees . . ." and since the notice did not "...meet the statutory requirement of notification to the plaintiff that he has 10 days from the receipt of such notice to pay the principal and interest without the attorney's fees, " notice was legally insufficient.

We reverse.

In construing Code Ann. § 20-506 we recognize that "[I]n all interpretations, the courts shall look diligently for the intention of the General Assembly, keeping in view, at all times, the old law, the evil, and the remedy." Code Ann. § 102-102 (9); *McPherson v. City of Dawson,* 221 Ga. 861 (148 SE2d 298) (1966). "Where the letter of the statute results in absurdity or injustice. . ., the meaning of general language may be restrained by the spirit or reason of the statute. . . *It is the duty of the court to consider the results and consequences of any proposed construction and not so construe a statute as will result in unreasonable or absurd consequences not contemplated by the legislature."* (Emphasis supplied.) *State of Ga. v. Livingston,* 222 Ga. 441 (150 SE2d 648) (1966), quoting *New Amsterdam Cas. Co. v. Freeland,* 216 Ga. 491, 495 (117 SE2d 538) (1960). "To ascertain the intention of the Legislature, after examining the words of the Act itself, it is necessary to take into view every fact and circumstance that influenced its passage. We must consider what the law was before; the mischiefs against which the law did not provide; the nature of the remedy proposed; the true reason of the remedy." *Swan v. State,* 29 Ga. 616, 621 (1860).

The intent of the legislature in enacting Code Ann. § 20-506 can be gathered from an analysis of the Act, passed in 1891, and subsequent amendments thereto.

At common law, and in Georgia until 1891, attorney fee provisions in instruments of indebtedness were looked upon with favor and were as valid as any other stipulation in an instrument. *National Bank of Athens v. Danforth,* 80 Ga. 55 (8) (7 SE 546) (1887); *Merck v. American Freehold Land Mtg. Co.,* 79 Ga. 213 (3) (7 SE 265) (1887); *Keating v. Woods-Young Co.,* 42 Ga. App. 63, 72 (155 SE 206) (1930).

In 1891, the Georgia legislature voiced its concern over the common law rule by declaring all contractual provisions for the collection of attorney fees on notes or other evidences of indebtedness "absolutely void, and no court shall have the power to enforce such contract and agreement to pay such attorney fees, unless a plea or pleas be filed by the defendant and not sustained." Ga. L. 1890-

91, p. 221. The clear intent of the legislature was that attorney fees should be paid only if the debtor actually litigated the debt and was not vindicated. This was recognized in the case of *Demere v. Germania Bank,* 116 Ga. 317 (42 SE 488) (1902), wherein it was stated, "Before the passage of this act, a stipulation to pay attorney's fees subjected the debtor to a penalty for a failure to pay his indebtedness, even though he honestly could not pay and made no resistance to the creditor's suit. *This was the evil at which the act was directed,* the remedy being to relieve the debtor from the payment of attorney's fees except where he litigated with the creditor and resisted the suit on grounds which were not in any part upheld. . ." (Emphasis supplied.)

In 1900 the legislature amended the 1891 statute. This amendment provided that attorney fees were void, unless, "the holder of the obligation sued upon, his agent or attorney notifie[d] the defendant in writing ten (10) days before suit is brought of his intention to bring suit, and also the term of court to which suit will be brought" and the holder failed to pay the debt on or before the return day of court. Ga. L. 1900, p. 53. The 1900 statute was clearly more favorable to the creditor than was the 1891 statute. "The intention of the old law [Ga. L. 1890-91, p. 221] was to prevent the collection of attorney's fees provided for in a note, unless the debtor should file a defense and fail to sustain it. The amending act [Ga. L. 1900, p. 51] adopted a different scheme, which was to require notice of an intention to sue to be given at least 10 days before suit should be brought, to allow the debtor until return day to pay the debt, and thus to save the creditor the necessity and expense of bringing suit at all." *Harris v. Powers,* 129 Ga. 74, 87 (58 SE 1038) (1907).

The attorney fee statute was again amended in 1946 to eliminate the requirement that the creditor notify the debtor of the term of court to which the suit would be brought. Ga. L. 1946, p. 766. This change was a part of a comprehensive act to simplify practice and procedure in the Georgia courts, and it did not significantly alter the substantive law regarding the recovery of attorney fees. Ga. L. 1946, pp. 761, 762.

The current version of Georgia Code Ann. § 20-506

was enacted by the legislature (Ga. L. 1953, pp. 545, 546) in 1953. Although it has been changed in two respects since 1953, neither of these changes is relevant to a decision in the instant case.[1] The 1953 statute differed from its predecessors in several respects. Attorney fee provisions were no longer void and unenforceable from inception, but, *valid and enforceable,* if collected by or through an attorney, and, further provided the debtor was given the full opportunity to avoid the obligation by paying principal and interest within 10 days of receipt of notice.

The present Code Ann. § 20-506 is clearly intended to require the creditor to give the debtor an opportunity to meet his obligation without incurring additional expenses in the nature of attorney fees.

This opportunity is given by notification to a debtor that he will have 10 days from receipt of notice in order to pay principal and interest, thus avoiding liability for attorney fees. Notification and opportunity to tender the amount due seem to be the basic requirements contemplated by the enactment of such legislation. With this legislative intent in mind, we must now determine what a notice pursuant to Code Ann. § 20-506 must contain.

Subsection (c) of Code Ann. § 20-506 reads as follows: "The holder of the note or other evidence of indebtedness, or his attorney at law, shall, after maturity of the obligation, notify in writing the maker, indorser or party sought to be held on said obligation that the provisions relative to payment of attorney's fees in addition to the principal and interest shall be enforced and that such maker, indorser or party sought to be held on said obligation has 10 days from the receipt of such notice to pay the principal and interest without the attorney's fees."

---

[1] In 1957 subsection (d) was added to provide that the statute would apply to security deeds and bills of sale to secure debt (Ga. L. 1957, p. 264) and in 1968 subsection (c) was amended to provide that the refusal by a debtor to accept delivery of a statutory notice would constitute notice. (Ga. L. 1968, p. 317).

Initially, we note that one of the cardinal rules in the construction of any statutory enactment is that, "[A] substantial compliance with any requirements of the code . . . shall be deemed and held sufficient, and no proceeding shall be declared void for want of such compliance, unless expressly so provided by the enactment." Code Ann. § 102-102 (6). Since Code Ann. § 20-506 (c) is silent as regards the degree of compliance required, we must assume that the legislature intended in its passage that a "substantial compliance" with its terms would be deemed sufficient. Accordingly a failure to comply exactly with the provisions of Code Ann. § 20-506 (c) would not be grounds for the disallowance of attorney fees, where the debtor has had the full opportunity to avoid attorney fees that Code Ann. § 20-506 contemplates.

Notwithstanding, respondent Brooks contends that those cases which have applied this statute[2] have all required a "full" or "strict" compliance with its notice provisions as an absolute condition precedent to the collection of attorney fees. We disagree and hold that a substantial compliance is all that has been required.

---

[2]*Strickland v. Williams,* 215 Ga. 175 (109 SE2d 761) (1959); *Walton v. Johnson,* 213 Ga. 108 (97 SE2d 310) (1957); *Holt v. Ricketts,* 143 Ga. App. 337 (238 SE2d 706) (1977); *Farnan v. National Bank of Ga.,* 142 Ga. App. 777 (236 SE2d 923) (1977); *New House Products v. Commercial Plastics &c. Corp.,* 141 Ga. App. 199 (233 SE2d 45) (1977); *Sockwell v. Pettus,* 139 Ga. App. 311 (228 SE 2d 343) (1976); *Turks Memory Chapel v. Toccoa Casket Co.,* 134 Ga. App. 71 (213 SE2d 174) (1975); *Candler v. Orkin,* 129 Ga. App. 721 (200 SE2d 909) (1973); *Aultman v. T. F. Taylor Fertilizer Works,* 125 Ga. App. 398 (188 SE2d 157) (1972); *Tankersley v. Security Nat. Corp.,* 122 Ga. App. 129 (176 SE2d 274) (1970); *Newby v. Armour Agricultural Chem. Corp.,* 119 Ga. App. 650 (168 SE2d 652) (1969); *Franco v. Bank of Forest Park,* 118 Ga. App. 700 (165 SE2d 593) (1968); *Harrison v. Arrendale,* 113 Ga. App. 118 (147 SE2d 356) (1966); *Dale, Inc. v. Dawson County Bank,* 112 Ga. App. 560 (145 SE2d 619) (1965); *Adair Realty &c. Co. v. Williams Bros. Lumber Co.,* 112

An analysis of several cases both in this court and in the Court of Appeals supports this position. In *Walton v. Johnson,* 213 Ga. 108 (97 SE2d 310) (1957), notice under Code Ann. § 20-506 (Ga. L. 1953, pp. 545, 546), was held insufficient because the debtor was not advised that he could avoid attorney fees by paying principal and interest within 10 days of receipt of notice. The debtor was merely advised of the creditor's intention to file suit and demand attorney fees. In deciding that case, this court cited with approval *Stocking v. Moury,* 128 Ga. 414 (57 SE 704) (1928), as setting forth the requirements of the statute prior to the 1953 amendment.

In *Stocking,* supra, notice under the 1900 statute was held to be sufficient since it "was a *substantial compliance* with" the Act. In that case the notice advised the debtor of the intention of the creditor to sue and the return day of court where suit would be brought, specifically citing Code Ann. § 20-506. Although this Code section was amended in 1953, the legislature retained the 10 day notice requirement, and, the citation of *Stocking,* supra, in *Walton v. Johnson,* supra, was an indication that this court would not deny an award of attorney fees so long as a "substantial compliance" with the notice provisions of the statute were met.

Four years after the 1953 amendment, the Court of Appeals had an opportunity to interpret the statute in *Moore v. Trailmobile, Inc.,* 94 Ga. App. 892 (96 SE2d 529) (1957). In that case, plaintiff's petition alleged that notice of intention to collect attorney fees had been given "as required by law" and a further demand for attorney fees was incorporated in the petition. The Court of Appeals held, "[T]hese allegations *substantially meet* the requirements of Code (Ann. Supp.) § 20-506 as changed by the Act of 1953 (Ga. L. 1953, p. 545)...the amendment provides that such obligations are valid and enforceable, subject to the provision that the holder shall *inform* the

---

Ga. App. 16 (143 SE2d 577) (1965); *Dixie Const. Co. v. Griffin,* 104 Ga. App. 457 (121 SE2d 926) (1961); *Moore v. Trailmobile,* 94 Ga. App. 892 (96 SE2d 529) (1957); *Stone v. Colonial Credit Corp.,* 93 Ga. App. 348 (91 SE2d 835) (1956).

debtor that such provisions will be enforced and that such party has 10 days from the receipt of the notice to pay principal and interest without attorney's fees . . . notice given by plaintiff to the defendant *was in the language of* Code (Ann. Supp.) § 20-506 and informed them that they had 10 days from the receipt of such notice in which to pay without incurring the penalty of liability for attorney's fees in addition to principal and interest." It is important to note in this case that notice to the debtor *substantially* met the requirements of the statute because the language of the notice *informed* him that he had 10 days to pay principal and interest without liability for attorney fees.

In *Adair Realty &c. Co. v. Williams Bros. Lumber Co.,* 112 Ga. App. 16 (143 SE2d 577) (1965), a notice was held insufficient although "otherwise *substantially complying* with the requirements of the statute," since the notice falsely advised the debtor that she had "ten days from the *date of the notice*" to pay principal and interest rather than "ten days from the *date of its receipt.*" (Emphasis supplied.) In reaching a decision in that case, the Court of Appeals recognized that "[t]he obligation to pay attorney's fees is only a contingent liability and the debtor is not bound to pay them until there is a full compliance with conditions precedent stated in the statute. *Strickland v. Williams* 215 Ga. 175, 177 (2) (109 SE2d 761). These conditions precedent include those that the collection be made by an attorney at law, that the debt has matured, *that the contract included an obligation to pay attorney's fees,* and *that the required 10 days notice has been given* and the period has expired without payment of principal and interest in full." (Emphasis supplied.)

It is apparent from a reading of *Adair,* supra, that *notice* is only one of the several conditions precedent that must be complied with in order for a creditor to recover attorney fees. Even at common law, the conditions precedent set forth in *Adair,* supra, and referred to in the statute are required to be met. Surely, in order to recover attorney fees incurred in connection with the collection of indebtedness the debt would have to mature, the contract would have had to include an obligation to pay attorney fees, and the collection would have had to have been made by an attorney. The statute merely provides the

additional requirement that notice be given the debtor in order that he be afforded an opportunity to avoid attorney fees by paying the debt. *Adair,* supra, did not hold that notice track the language of Code Ann. § 20-506(c) but merely that notice be given the debtor.

Twelve years after *Adair,* the Court of Appeals decided the case of *Farnan v. National Bank of Ga.,* 142 Ga. App. 777 (236 SE2d 923) (1977). The holding in that case was a departure from previous cases in that the court held for the first time a failure to meet the exact codal requirements of Code Ann. § 20-506 (c) would result in the disallowance of attorney fees incurred in connection with the collection of an indebtedness. In so holding, the court misapplied what was said in *Adair,* supra, interpreting the language in that case to hold the codal requirements of subsection (c) of the statute to be a condition precedent to a recovery of attorney fees. *Adair,* supra, did state conditions precedent required by Code Ann. § 20-506, but those conditions do not include any reference to attorney fee provisions in the note, and merely require that the debtor be given 10 days from receipt of the notice in order to pay principal and interest without incurring any liability for attorney fees.

We disapprove what was stated in *Farnan v. National Bank of Ga.,* supra, and those cases which have subsequently relied upon the language contained therein and hold that a "substantial compliance" with the notice provisions of Code Ann. § 20-506(c) is all that is required. So long as a debtor is *informed* that he has 10 days from receipt of notice within which to pay principal and interest without incurring any liability for attorney fees the legislative intent behind the enactment of Code Ann. § 20-506 has been fulfilled.

Having found Code Ann. § 20-506(c) to require only a "substantial compliance", we must next determine whether notice in the instant case complied with this standard. Substantial compliance does not require that the language should be exactly as prescribed by the statute but that all the essential requirements of the form be prescribed. When there is actual compliance as to all matters of substance then mere technicalities of form or variations in the mode of expression should not be given

the stature of noncompliance.

Code Ann. § 20-506(c) sets forth matters of substance to be contained in notice given the debtor. Notice shall (1) be in writing, (2) to the party sought to be held on the obligation, (3) after maturity, (4) that the provisions relative to payment of attorney fees in addition to principal and interest will be enforced, and (5) that the party has 10 days from the receipt of such notice to pay the principal and interest without the attorney fees. It is clear from a reading of the notice in the instant case that Brooks was notified that the attorney fee provisions in the note would be enforced. The notice fully described the instruments, demanded attorney fees pursuant to Code Ann. § 20-506 and gave the full 10-day opportunity to avoid them.

In our opinion, there has been a substantial compliance with the terms and provisions of the statute. The notice under consideration brings into clear and distinct legal daylight every particular of substance which the legislature had in contemplation in prescribing the terms or content of notice under Code Ann. § 20-506(c).

*Judgment reversed. All the Justices concur, except Nichols, C. J., who dissents.*

ARGUED JULY 10, 1978 — DECIDED SEPTEMBER 8, 1978.

*Harmon, Smith & Bridges, Nolan B. Harmon, Archer D. Smith, III, Tyrone M. Bridges, Ginger C. Jones,* for appellant.

*Redfern, Butler & Morgan, Rex M. Lamb, III,* for appellee.