### 68985. HARDISON v. ORNDORFF.
(327 SE2d 497)

BIRDSONG, Presiding Judge.

The Department of Public Safety revoked James Proctor Orndorff's driver's license for being an habitual violator. The Superior Court of Terrell County, where appellant resides, reversed the revocation because the Clarke County State Court (where he had been convicted of his third DUI-type offense in 1980) did not send notice of that conviction within ten days to the department as directed by OCGA § 40-5-53 (b). In fact, the Clarke County court did not notify the department until three years after the conviction.

Orndorff had plead guilty in 1978 for driving under the influence and driving while his license was revoked. He was declared an habitual offender in 1978 and his driver's license was revoked again. He was arrested in January 1980 for the instant DUI and plead guilty in

August 1980, but the court did not notify the Department of Public Safety. Without knowledge of the 1980 DUI, the department reinstated Orndorff's driver's license in April 1983. In September 1983, the Clarke County court did notify the department of the 1980 DUI. The department promptly revoked Orndorff's license under OCGA § 40-5-58 (b): "When the records of the department disclose that any person has been convicted of a violation of Chapter 6 . . . which record of conviction, when taken with and added to previous convictions of such person of offenses occurring within five years prior to the date of such offenses, as contained in the files of the department, reveals that such person is an habitual violator . . . the department shall forthwith notify such person that . . . it shall be unlawful for such habitual violator to operate a motor vehicle. . . . In the event that at the time of determination the habitual violator had been issued a driver's license, such license shall be revoked. . . ."

However, OCGA § 40-5-53 (b) provides: "Every court having jurisdiction over offenses committed . . . shall forward to the department, within ten days after the conviction . . . a uniform citation [notice of the conviction]. . . . The department shall pay to the clerk of the court . . . 25¢ for each report forwarded." The trial court, with an extensively analyzed order, held that OCGA § 40-5-53 (b) dictates the manner in which the department derives its jurisdiction, and is mandatory, so that the failure of the trial court to notify the Department of Public Safety in ten days essentially deprived the department of any jurisdiction to revoke the license. And moreover, the trial court held that even if the statute was merely directory on the court, a three-year delay in sending notice was not even substantial compliance. The Department of Public Safety appeals from the trial court's reversal of the license revocation. *Held*:

It appears the trial court has reversed the responsibility for licensee evaluation. The ten-day notice requirement is mandatory (or at least directory) only as to the court, and that as the only viable means by which the Department of Public Safety can reliably find out about violations, pleas and convictions, and therefore do its duty.

The jurisdiction, or authority, of the Department of Public Safety is provided at OCGA § 40-5-58 (b), quoted above. Regardless whether the court complies with its ten-day notice duty, and thus does or does not notify the Department of Public Safety, that code section specifically mandates that: "*When the records of the department disclose . . . [a conviction which] . . . when taken with and added to previous convictions . . . occurring within five years prior to the date of such offenses, as contained in the files of the department, reveals that such person is an habitual violator . . . the department shall forthwith notify such person . . . [and revoke license]. . . .*" (Emphasis supplied.)

It seems obvious that the license revocation/habitual violator statute is grounded on what the department must do "when the department's records disclose" and "as contained in the files of the department"; the statute thereby expressly recognizes that the Department of Public Safety can only act, and must act, based upon what its records disclose and when the records disclose it — not when the court acts. The statute directing the courts to send a ten-day notice is facilitative of supplying records to the department, but the department's duty to act is not based upon when the court acts, but upon when its records disclose facts sufficient to revoke a license. If the intention were otherwise, the legislature would have said the department can revoke a license only "when the courts have complied" or "provided the department receives notice of the violation within ten days of the conviction," or used some other such limiting phraseology. The statutory language is not accidental, as it is otherwise very precise and detailed, and specifically twice mandates the department to act "forthwith" according to its records. Therefore even though the court failed to act for three years, when the records of the department disclosed five years of habitual violator-type convictions, the department was therefore required to act "forthwith."

It would defeat the entire purpose of the act to conclude that the legislature intended it to be dependent upon the ministerial happenstance of the court. In short, the object of the habitual violator act is to remove habitual violators from the highways when the department finds out about them, and not to force courts to give ten-days' notice.

It therefore appears that this is not a "rare case" as appellee Orndorff contends, but is one the legislature expressly anticipated by designing the statute to mandate revocation based on the Department of Public Safety records and not the court's diligence. See, as to construction of statutes, *General Elec. Credit Corp. v. Brooks*, 242 Ga. 109 (249 SE2d 596).

*Judgment reversed. Carley, J., concurs. Beasley, J., concurs specially.*

DECIDED JANUARY 29, 1985 —
REHEARING DENIED MARCH 5, 1985 —

*Michael J. Bowers, Attorney General, James P. Googe, Jr., Executive Assistant Attorney General, Marion O. Gordon, First Assistant Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Victoria H. Soto,* for appellant.

*James M. Collier,* for appellee.

BEASLEY, Judge, concurring specially.

I concur but I would not want my concurrence to be construed as

condoning or ignoring the failure of courts and court personnel to obey the dictates of the law. The object of requiring the court to send notice to the Department of Public Safety within ten days is obviously to ensure quick revocation of the license of a person who should not be driving. When the court neglects its duty to act promptly, the offender keeps driving and the lives and property of others are jeopardized to that extent.

Moreover, the delay in some cases may work an unfair burden on the driver when, many years later, and far beyond the period of his initial violations, his license is suddenly revoked.