**ITT COMMERCIAL FINANCE CORP., f/k/a ITT Industrial Credit Company, a Nevada Corporation, Plaintiff,**

v.

**Gilbert F. FISHER, Jr., M.D., Defendant.**

**Civ. A. No. 1:86–CV–1640–JOF.**

United States District Court, N.D. Georgia, Atlanta Division.

March 29, 1988.

---

Donald Ross Andersen, Tucker, Ga., for plaintiff.

James Kenneth Knight, Jr., Childs, Knight & Britt, Marietta, Ga., for defendant.

## ORDER

FORRESTER, District Judge.

By order entered September 29, 1987, the court granted plaintiff's motions for summary judgment both as to its claim and as to defendant's counterclaim, and awarded plaintiff, *inter alia*, his reasonable attorney's fees and expenses. In so doing, the court stated, "In the event the parties cannot agree on reasonable [attorney's] fees and costs following good faith efforts to reach such an agreement, plaintiff is directed to submit its statement of fees and costs and defendant is directed to submit his objections thereto to the court." Order of September 29, 1987 at 21. Unable to reach an agreement, plaintiff filed with the court its statement of fees and expenses and defendant his objections thereto. Thus, this matter is before the court on the amount of attorney's fees and expenses to be awarded plaintiff pursuant to the court's order of September 29, 1987.

In support of its statement of fees and expenses, plaintiff submits the affidavit of attorney Debra A. Finnerty. Plaintiff's statement itemizes attorney's fees of $9,200.50 and expenses of $890.30 for a total of $10,090.90. Affidavit, Exhibit A. These fees and expenses accrued over a year's time; from June 24, 1986 to June 30, 1987. *Id.*, Exhibit B. While defendant does not challenge the reasonableness of plaintiff's statement of expenses, he contends that the amount of fees to which plaintiff is entitled is governed by O.C.G.A. § 13–1–11, which provides in relevant part,

Obligations to pay attorney's fees upon any note ... shall be valid and enforceable and collectable as a part of such debt if such note ... is collected by or through an attorney after maturity, subject to the following provisions:

(2) If such note ... provides for the payment of reasonable attorney's fees without specifying any specific percent,[1] such provision shall be construed to mean fifteen percent of the first $500 of principal and interest owing on such note ... and ten percent of the amount of principal and interest owing thereon in excess of $500.

The court agrees with plaintiff that the above-quoted statute must be applied under the facts of this case.

The Georgia courts have interpreted this statute as requiring the satisfaction of five conditions: (1) the contract must include an obligation to pay attorney's fees; (2) the debt must have matured; (3) notice must be given to the debtor informing him that he has ten days within receipt to pay the debt in order to avoid attorney's fees; (4) the ten-day period must expire without payment of principal and interest in full; and (5) the debt must be collected by or through an attorney at law. *See General Electric Credit Corp. v. Brooks*, 242 Ga. 109, 249 S.E.2d 596 (1978). The court's review of the record indicates that plaintiff has satisfied these conditions. Moreover, defendant concedes this point. Objections at 2.

Having concluded that § 13–1–11 governs plaintiff's award of attorney's fees and that plaintiff has satisfied the conditions precedent to recovery under this section, the court now turns its attention to the amount to which plaintiff is entitled. It

---

1. Such is the case here.

is defendant's contention that "the total sum of attorney's fees allowable under [§ 13–1–11] should be $1894.46 plus the amount of costs claimed [$890.30]." [2] *Id.* Plaintiff, on the other hand, contends that the term "principal" as used by the drafters of § 13–1–11 encompasses (1) the principal amount due on the note, $15,332.46; (2) the final "buy-out" payment, $405.93; (3) the four percent sales tax on the remaining thirty-nine payments, $607.23; (4) the ten percent late charges for the last seven payments made, $275.17; and (5) the ten percent late charges for the remaining thirty-nine payments, $1573.83.[3] Plaintiff's Reply at 2. By plaintiff's proffered application of § 13–1–11, it is entitled to attorney's fees in the amount of $2,336.63.[4] *Id.*

Thus, the question before the court is whether the term "principal" as used by the drafters of § 13–1–11 encompasses more than just the outstanding amount due on the note. The court concludes that it does not. First, the court has found, and plaintiff has cited, no authority supportive of plaintiff's position. Second, the applicable laws of statutory construction enjoin the court from attaching to the term "principal" the definition urged by plaintiff. O.C.G.A. § 1–3–1(a) requires that a court "look diligently for the intention of the General Assembly" in construing Georgia statutes. In this regard, the Georgia Supreme Court has held that where statutory language is plain, "it is the sole evidence of the ultimate legislative intent." *Hollowell v. Jove,* 247 Ga. 678, 279 S.E.2d 430 (1981). Moreover, § 1–3–1(b) requires that a court apply to all words—except words of art and the like—

their ordinary meaning. *See Sabel v. State,* 248 Ga. 10, 282 S.E.2d 61, *cert. denied,* 454 U.S. 973, 102 S.Ct. 524, 70 L.Ed. 2d 393 (1981). Based on this authority, the court can only conclude that the term "principal" as used by the drafters of § 13–1–11 refers only to the principal amount owing on the note in question. However, because in the present case, the note in question obligated defendant to make the final "buy-out" payment of $405.93, the court believes that this amount is properly included in its computation of plaintiff's attorney's fees.

### Conclusion

Based on the foregoing, the court concludes that plaintiff is entitled to attorney's fees in the amount of $2,023.77 calculated as follows: $15,738.39 (principal and final buy-out) plus $4,249.36 (pre-judgment interest) for a subtotal of $19,987.75; $75 (fifteen percent of first $500) plus $1948.77 (ten percent of remainder) for a total of $2,023.77. Because defendant does not oppose the amount of costs claimed by plaintiff, plaintiff is likewise entitled to costs in the amount of $890.30. The total amount of attorney's fees and costs to which plaintiff is entitled therefore totals $2,914.07.

**2.** Defendant fails to illustrate the manner in which he arrives at this figure. Though he purports to use "the amount of principal and interest owing thereon," *id.,* in making his calculation, he does not assign a value to these figures. The court's review of the record indicates that the principal amount due on the note was $15,332.46. Pre-judgment interest measured from April 1, 1986 would therefore amount to $4,139.82; i.e., eighteen months at a rate of 1½ percent per month. O.C.G.A. § 7–4–16. Thus, accepting for the moment defendant's proffered application of § 13–1–11, the amount of attorney's fees to which plaintiff would be entitled would amount to $1,972.23;

i.e., fifteen percent of the first $500, plus ten percent of the remaining $18,972.28.

**3.** Plaintiff was awarded these damages. Order of September 29, 1987 at 20–21.

**4.** This figure is calculated as follows: "principal" in the amount of $18,194.62 (total of (1) through (5) above); plus pre-judgment interest thereon in the amount of $4,921.65 (one and one-half percent per month for eighteen months) for a subtotal of $23,116.27; fifteen percent of the first $500 of that figure; i.e., $75; plus ten percent of the remaining $22,616.27; i.e., $2,261.63; for a total of $2,336.63.